Carswell, Acting P. J.
(concurring). The privilege accorded by section 337 of the Civil Practice Act relates, inter alia, to judicial proceedings which are public and have retained that public character. The enactment contemplated the existence and the exercise of the inherent power of the court, in the public interest, to prevent the promotion of public scandal and private spite, to seal records which would otherwise become public. (Civ. Prac. Act, § 62; 45 Am. Jur., Records and Recording Laws, § 21; Matter of Caswell, 18 R. I. 835; Munzer v. Blaisdell, 268 App. Div. 9; 175 A. L. R.. 1266, § 4; Happy Coal Co. v. Brashear, 263 Ky 257; 21 C. J. S., Courts, § 229.)
Section 83 of the Judiciary Law is merely declaratory of the court’s inherent power. The directions in rule 278, Rules of Civil Practice, adopted pursuant to section 83, are merely an exercise of the court’s inherent power to seal, in the public interest, judicial records which would otherwise become public. Here the matter in respect of which a privilege is claimed, was sealed according to the complaint herein, and therefore not a *620 public judicial record. There is no statute which has assumed directly or indirectly to decrease the power of the court to prevent an improper use of its records, whether that power be deemed inherent or to rest on statutory grant. The privilege is accorded, under section 337 of the Civil Practice Act, only to judicial records which have not been legally deprived of their public character. It should not be available to enable one to inflict, with impunity, a grievous private wrong upon another, in violation of a court direction made to protect both the individuals involved and the public interest, which direction is wholly consistent with section 337.